UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| STACY LOU FLEMING,<br><br>Plaintiff,<br><br>v.<br><br>FRANK J. BISIGNANO,<br>*Commissioner of Social Security*,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 6:26-CV-53-HAI<br><br><br>MEMORANDUM OPINION<br>& ORDER |

*** *** *** ***

In March 2023, Plaintiff Stacy Lou Fleming filed a Title XVI application for supplemental security income. *See* D.E. 11 at 24.[1] She alleged disability beginning December 31, 2019, which onset date was later revised to March 20, 2023. *Id.* The Social Security Administration denied Fleming's 2023 application initially and upon reconsideration. *Id.* Then, on November 21, 2024, Administrative Law Judge ("ALJ") John Kooser conducted a telephonic administrative hearing. The ALJ heard testimony from Fleming (represented by attorneys Andrew Kirkendall and Brady Howell with Howell appearing at the hearing) and impartial vocational expert ("VE") Joseph Goodman. *Id.* Fleming was found to not be disabled during the relevant period. *Id.* at 35. The Appeals Council denied review on October 21, 2025. *Id.* at 1.

On December 22, 2025, Fleming (with different counsel) brought this action under 42 U.S.C. §§ 405(g) and 1383(c) to obtain judicial review of the ALJ's November 2024 decision denying her application for supplemental security income. The parties filed briefs, including a

[1] Page-number references to the administrative record refer to the large black page numbers at the bottom of each page. Page-number references to the briefs refer to the blue page numbers generated by ECF.

reply. D.E. 12, 16, 17. The parties consented to the referral of this matter to a magistrate judge. D.E. 9. The matter was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. The Court, having reviewed the record and for the reasons stated herein, **GRANTS** Plaintiff's request to remand these proceedings.

## I. The ALJ's Decision

Under 20 C.F.R. §§ 404.1520, 416.920, an ALJ conducts a five-step analysis to evaluate a disability claim.[2] The ALJ followed these procedures in this case.

At the first step, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). In this case, the ALJ found that Fleming had "not engaged in substantial gainful activity since March 20, 2023, the application and amended onset date (20 CFR 416.971 et seq.)." D.E. 11 at 27.

At the second step, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). In this case, the ALJ found Fleming had the severe impairments of "bipolar affective disorder, post-traumatic stress disorder, unspecified anxiety disorder, substance use disorder(s), residuals from a traumatic brain injury, spondylosis of the cervical spine, status post T4 compression fracture of

---

[2] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry . . . the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

the thoracic spine, and mild kyphosis of the thoracic spine (20 CFR 416.920(c)).” D.E. 11 at 27. Fleming does not argue the ALJ should have identified additional severe impairments. This appeal concerns only Fleming’s physical limitations concerning her back. And she presents no arguments regarding any mental-health concerns.

At the third step, if a claimant’s impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, then she is disabled. 20 C.F.R. § 404.1520(d). The ALJ found Fleming failed to meet this standard. D.E. 11 at 27. The ALJ considered several listings but found none of them satisfied in Fleming’s case. *Id*. Relevant to this appeal, the ALJ considered impairments under Listing 1.00 concerning the musculoskeletal system. *Id*. Fleming does not challenge this determination that she fails to meet or medically equal the criteria for any listing.

If, as here, a claimant is found non-disabled at step three, the ALJ must determine the claimant’s Residual Functional Capacity (“RFC”), which is her maximum ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. The ALJ found:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) involving no more than occasional climbing of stairs or inclines, balancing, stooping, kneeling, crouching or crawling; no temperature extremes, excessive levels of wetness or humidity, or occupational hazards, such as unprotected heights, dangerous machinery, ropes, ladders or scaffolds; no more than simple, routine, repetitive tasks that would be performed in a low stress work environment, defined as one involving no high volume productivity requirements and very infrequent unexpected changes; and no more than occasional interaction with the public, co-workers or supervisors.

D.E. 11 at 30.

Fleming objects to this RFC finding on the basis that the ALJ “impermissibly determined Plaintiff’s physical limitations without the benefit of a medical opinion and should have ordered

a consultative examination." D.E. 12 at 5. She says the ALJ erred under the *Deskin* rule "because the ALJ made an RFC determination based on no medical source opinion whatsoever." *Id*. at 8.

At the fourth step, if a claimant's impairments do not prevent her from doing past relevant work (given the ALJ's assessment of the claimant's residual functional capacity), she is not disabled. 20 C.F.R. § 404.1520(f). The ALJ found that Fleming had no past relevant work. D.E. 11 at 33.

At the fifth step, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from doing other work that exists in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g). The ALJ found Fleming was not disabled at this step. D.E. 11 at 34-35. The ALJ asked the vocational expert "whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity." *Id*. at 34. The expert provided a list of jobs including cleaner, hand ironer, and merchandise marker.[3] *Id*. Because sufficient work existed in the national economy that Fleming could perform, the ALJ found her "not disabled" as defined by the regulations. *Id*. at 35.

## II. Framework for Judicial Review

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the

[3] "Merchandise Maker" in the ALJ's opinion is a typographical error, as the referenced DOT number is for a merchandise *marker* who attaches price tickets to merchandise.

correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Mullen*, 800 F.2d at 545 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, courts are not to conduct a *de novo* review, resolve conflicts in evidence, or make credibility determinations. *Id.* (citations omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the ALJ's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Mullen*, 800 F.2d at 545; *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

Under the current rules, all medical opinions are weighed in light of several factors: supportability, consistency, relationship with the claimant, specialization, and any other relevant factors. 20 C.F.R. § 416.920c(c). Supportability and consistency "are the most important factors" in weighing medical opinions. *Id*. § 416.920c(b)(2).

Disability determinations often hinge on the claimant's credibility. The ALJ must consider statements or reports from the claimant. 20 C.F.R. § 404.1529(a). To determine whether statements of a claimant are credible, the following two-part test is used:

> First, the ALJ will ask whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citing 20 C.F.R. § 416.929(a)).[4] It is within the province of the ALJ, rather than the reviewing court, to evaluate the claimant's credibility. *Rogers*, 486 F.3d at 247 (citing *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 644 (6th Cir. 1990); *Kirk v. Sec'y of Health & Human Servs*., 667 F.2d 524, 538 (6th Cir. 1981)). Even so, the credibility determinations of the ALJ must be reasonable and supported by substantial evidence. *Rogers*, 486 F.3d at 249. Here, Fleming does not appear to directly challenge any finding by the ALJ concerning Fleming's own credibility.

Finally, issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. *United States v. Kerns*, 9 F.4th 342, 351 (6th Cir. 2021); *Strickland v. City of Detroit*, 995 F.3d 495, 511 (6th Cir. 2021).

---

[4] In 20 C.F.R. § 404.1529, the Social Security Administration informs claimants that, in certain credibility determinations, the following factors should guide the analysis of the agency decision makers:

> (i) Your daily activities; (ii) The location, duration, frequency, and intensity of your pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms; (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1037-38 (6th Cir. 1994).

## III. Alleged *Deskin* Error

Fleming raises a single argument that the ALJ violated the *Deskin* rule in considering her physical limitations. Recall the ALJ found a number of "severe" physical limitations and incorporated physical limitations to Fleming's RFC. Yet the record contains no medical source that offers an opinion on the extent of Fleming's physical limitations.

### A.

In *Deskin*, none of the claimant's treating physicians had provided a medical opinion addressing her limitations. *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 910 (N.D. Ohio 2008). The only medical opinion in the record came from a state agency reviewing physician; it was issued in October 2003. *Id*. However, the record contained two years' worth of medical records that post-dated the state agency reviewing physician's opinion. *Id*. "Rather than ordering a consultative examination or having a medical expert testify at the hearing, the ALJ proceeded to decide the case based on his analysis of the medical records," without even discussing the reviewing physician's specific limitations. *Id*.

The *Deskin* Court defined the issue as whether an ALJ should decide a case "in the absence of a medical opinion of a treating physician, consulting examiner, or medical expert as to the claimant's functional capacity." *Deskin*, 605 F. Supp. 2d at 910-11. To make an RFC finding, the *Deskin* court held, it is "[c]ritical" that the ALJ obtain and consider "residual capacity opinions offered by medical sources such as treating physicians, consultative examining physicians, medical experts who testify at hearings before the ALJ, and state agency physicians who reviewed the claimant's medical records." *Id*. at 911-12. "In making the residual functional capacity finding," the *Deskin* court held, "the ALJ may not interpret raw medical data in functional terms." *Id*. at 912.

> An ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence. Where the medical findings in the record merely diagnose the claimant's exertional impairments and do not relate these diagnoses to specific residual functional capabilities such as those set out in 20 C.F.R. § 404.1567(a) . . . [the Commissioner may not] make the connection himself."

*Id*. (quoting *Rohrberg v. Apfel*, 26 F. Supp. 2d 303, 311 (D. Mass. 1998)).

The *Deskin* court added this caveat: "To be sure 'where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment.'" *Deskin*, 605 F. Supp. 2d at 912 (quoting *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996)). An RFC opinion from a medical source "may not be necessary in every case." *Id*. However, when a claimant has sufficiently placed her RFC at issue, an expert's RFC evaluation "is ordinarily essential." *Id*. (quoting *Manso-Pizarro*, 76 F.3d at 17).

Accordingly, the *Deskin* court posited this "general rule:"

> where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated nonexamining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing. This responsibility can be satisfied without such opinion only in a limited number of cases where the medical evidence shows relatively little physical impairment and an ALJ can render a commonsense judgment about functional capacity.

*Deskin*, 605 F. Supp. 2d at 912 (quotation marks omitted).

The author of *Deskin* again faced a similar scenario in *Kizys*. *Kizys v. Comm'r of Soc. Sec.*, No. 3:10-CV-25, 2011 WL 5024866 (N.D. Ohio Oct. 21, 2011). As the *Kizys* court stated the issue: "This is a case in which the ALJ found that Kizys had multiple severe impairments and imposed an extremely restrictive residual functional capacity finding without the benefit of any medical source opinion as to work-related limitations whatsoever." *Id*. at *1. The *Deskin*

rule is "narrow" and "potentially applies only when an ALJ makes a finding of work-related limitations based on no medical source opinion or an outdated source opinion that does not include consideration of a critical body of objective medical evidence." *Id*. Nevertheless, an ALJ "retains discretion to impose work-related limitations without a proper source opinion where the medical evidence shows relatively little physical impairment and an ALJ can render a commonsense judgment about functional capacity." *Id*. (quotation marks omitted).

This Court's understanding is that "***Deskin* potentially applies in only two circumstances: (1) where an ALJ made an RFC determination based on *no* medical source opinion; or (2) where an ALJ made an RFC determination based on an outdated source opinion that did not include consideration of a critical body of objective medical evidence.**" *Stidham v. King*, No. 6:24-CV-87-HAI, 2025 WL 437075, at *5 (E.D. Ky. Feb. 7, 2025); *Branscum v. Berryhill*, No. 6:17-CV-345-HAI, 2019 WL 475013, at *11 (E.D. Ky. Feb. 6, 2019) (quoting *Raber v. Comm'r of Soc. Sec.*, No. 4:12-CV-97, 2013 WL 1284312, at *15 (N.D. Ohio Mar. 27, 2013)); *accord Pilar P. v. Bisignano*, No. 3:25-CV-50-RSE, 2025 WL 2413908, at *4 (W.D. Ky. Aug. 20, 2025); *Sefo v. Comm'r of Soc. Sec.*, No. 3:20-CV-534-CHL, 2022 WL 969622, at *4 (W.D. Ky. Mar. 30, 2022).

Numerous decisions in this Circuit have followed the *Deskin-Kizys* rule when the facts fit.[5] The "*Deskin* Rule" has been criticized by courts within this Circuit, but generally not in cases that fit the rule in its most narrow formulations described above.

[5] *See, e.g.*, *Michelle B. o/b/o Duane B. v. Comm'r of Soc. Sec.*, No. 3:23-CV-361, 2025 WL 395888, at *5 (S.D. Ohio Feb. 5, 2025) ("It is also well-established that the ALJ is not qualified to interpret raw medical data in functional terms."), *recommendation adopted*, 2025 WL 854720 (S.D. Ohio Mar. 19, 2025); *Ashley B. v. Comm'r of Soc. Sec. Admin.*, No. 1:23-CV-690, 2025 WL 341824 (S.D. Ohio Jan. 30, 2025) (remanding when there were significant medical developments post-dating the medical opinions in the record); *Aarron D. v. Comm'r of Soc. Sec.*, No. 3:22-CV-588-CHL, 2024 WL 1288230 (W.D. Ky. Mar. 26, 2024) (remanding under *Deskin* when there was "no medical source opinion whatsoever"); *McCauley v. Comm'r of Soc. Sec.*, No. 3:20-CV-13069, 2021 WL 5871527 (E.D. Mich. Nov. 17, 2021) (recommending remand when "nearly two years of medical records were not considered in" the medical opinions available to the ALJ), *report and recommendation adopted*, 2021 WL 5867347 (E.D. Mich.

To be clear, this Court agrees that crafting the RFC is within the ALJ's domain and the ALJ's RFC is not required to correspond to an identical medical opinion. The claimant bears the burden of proving "the existence and severity of limitations caused by" her physical and mental

---

Dec. 10, 2021); *Shelley v. Comm'r of Soc. Sec.*, No. 2:18-CV-676, 2019 WL 4023551 (S.D. Ohio Aug. 26, 2019) (remanding when the petitioner had undergone "multiple procedures" following the rendering of the most recent medical source opinion); *Snell v. Comm'r of Soc. Sec.*, No. 3:18-CV-173, 2019 WL 3406435 (S.D. Ohio July 29, 2019) (remanding when there was a critical CT scan not covered in any of the medical opinions); *VanWormer v. Comm'r of Soc. Sec.*, No. 4:16-CV-12978, 2017 WL 4230654, at *3 (E.D. Mich. Sept. 25, 2017); *Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 828-29 (E.D. Mich. 2017) (finding "a multitude of consistent, reported and unreported cases holding that it is in error for the ALJ to formulate an RFC without the benefit of *any opinion evidence*"); *Woelk v. Comm'r of Soc. Sec.*, No. 2:13-CV-12411, 2014 WL 2931404, at *7 (E.D. Mich. May 15, 2014) (finding an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence), *recommendation adopted*, 2014 WL 2931411 (E.D. Mich. June 30, 2014); *Lindsey v. Comm'r of Soc. Sec.*, No. 2:12-CV-12585, 2013 WL 6095545, at *8 (E.D. Mich. Nov. 20, 2013) (remanding when the impairment was not minimal and there was no relevant medical opinion on RFC); *Davies v. Comm'r of Soc. Sec.*, No. 1:10-CV-2012, 2012 WL 1068736, at *4 (N.D. Ohio Feb. 14, 2012) (remanding when the operative medical opinion did not take into account "additional objective medical tests performed later, which revealed that [the claimant's] condition had worsened"), *recommendation adopted sub nom. Davies v. Astrue*, 2012 WL 1068732 (N.D. Ohio Mar. 29, 2012).

For cases in Kentucky, *see, e.g.*, *Teresa J. v. Bisignano*, No. 3:25-CV-224-CRS-RSE, 2026 WL 2100182, at *3 (W.D. Ky. July 21, 2026) (finding no *Deskin* violation when there were functional opinions in the record that the ALJ rejected); *Dishman v. Bisignano*, No. 6:25-CV-77-HAI, 2025 WL 3187506, at *12 (E.D. Ky. Nov. 14, 2025) (finding *Deskin* did not apply when the record contained a medical-source opinion that the ALJ rejected); *Pilar P. v. Bisignano*, No. 3:25-CV-50-RSE, 2025 WL 2413908, at *4 (W.D. Ky. Aug. 20, 2025) (remanding when "the state agency consultants determined Plaintiff had no severe mental impairments and did not provide opinions as to the RFC, whereas [the ALJ] found that Claimant's mental impairments were severe before making his RFC determination"); *Doris B. v. Comm'r of Soc. Sec.*, No. 3:23-CV-598-CHL, 2025 WL 676073, at *4 (W.D. Ky. Mar. 3, 2025) ("The *Deskin* rule applies here because the ALJ made an RFC determination based on no medical source opinion whatsoever."); *Gennifer B. v. O'Malley*, No. 3:23-CV-558-RSE, 2025 WL 510928, at *12 (W.D. Ky. Feb. 14, 2025) (finding "neither of the *Deskin* circumstances apply"); *Stidham v. King*, No. 6:24-CV-87-HAI, 2025 WL 437075, at *7 (E.D. Ky. Feb. 7, 2025) (remanding when the ALJ "made an RFC determination based on outdated source opinions that did not include consideration of a critical body of objective medical evidence"); *Aarron D. v. Comm'r of Soc. Sec.*, No. 3:22-CV-588-CHL, 2024 WL 1288230, at *4 (W.D. Ky. Mar. 26, 2024) ("The *Deskin* rule applies here because the ALJ made an RFC determination based on no medical source opinion whatsoever."); *Charles W. v. Comm'r of Soc. Sec.*, No. 3:22-CV-312-DJH-CHL, 2023 WL 5011745, (W.D. Ky. July 5, 2023) (finding *Deskin* inapplicable), *recommendation adopted sub nom. Washburn v. Comm'r of Soc. Sec.*, 2023 WL 5003585 (W.D. Ky. Aug. 4, 2023); *Jeffrey Scott H. v. Comm'r of Soc. Sec.*, No. 3:21-CV-14-CHL, 2022 WL 4002318, at *14 (W.D. Ky. Sept. 1, 2022) (finding later-admitted records were not "a critical body of the objective medical evidence"); *Sefo v. Comm'r of Soc. Sec.*, No. 3:20-CV-534-CHL, 2022 WL 969622 (W.D. Ky. Mar. 30, 2022); *Hancock v. Comm'r of Soc. Sec.*, No. 3:20-CV-376-CHL, 2022 WL 801278, at *5 (W.D. Ky. Mar. 15, 2022) (remanding when the record "did not contain an updated opinion from a medical professional regarding [the claimant's] functional capacity that post-dated his significant cardiac procedures and care"); *Nalley v. Kijakazi*, No. 3:20-CV-472-RSE, 2021 WL 5530954, at *3-4 (W.D. Ky. Nov. 24, 2021) (describing the *Deskin* rule but finding it did not apply); *Brown v. Saul*, No. 1:19-CV-165-HBB, 2020 WL 5077257 (W.D. Ky. Aug. 27, 2020); *Tomes v. Saul*, No. 1:19-CV-139-LLK, 2020 WL 2776501 (W.D. Ky. May 28, 2020); *Chapman v. Saul*, No. 1:19-CV-48-LLK, 2019 WL 6883810 (W.D. Ky. Dec. 17, 2019); *Branscum v. Berryhill*, No. 6:17-CV-345-HAI, 2019 WL 475013 (E.D. Ky. Feb. 6, 2019) (remanding when the ALJ "made an RFC determination based on an outdated source opinion that did not include consideration of a critical body of objective medical evidence"); *Childress v. Berryhill*, No. 1:16-CV-119-HBB, 2017 WL 758941 (W.D. Ky. Feb. 27, 2017); *McGranahan v. Colvin*, No. 0:14-CV-83-JMH, 2015 WL 5828098 (E.D. Ky. Oct. 1, 2015) (remanding when degenerative changes had been detected following the last medical opinion).

impairments. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, both the regulations and case law recognize the ALJ has a duty to develop the record. 20 C.F.R. §§ 404.1512(b), 416.912(b) (2016); 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3) (2020); *see also Lashley v. Sec'y of Health & Hum. Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). If, after reviewing the evidence on the record, the ALJ finds it to be insufficient or inconsistent, the ALJ may "determine the best way to resolve the inconsistency or insufficiency." 20 C.F.R. §§ 404.1520b(b)(2), 416.920b(b)(2) (2020). An ALJ is not bound to resolve the inconsistency or insufficiency in a particular manner, but he may take additional steps to do so, including ordering a consultative examination. 20 C.F.R. §§ 404.1520b(b)(2)(iii), 416.920b(b)(2)(iii); *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001). While the ALJ has discretion in resolving discrepancies, substantial evidence in the record must support the residual functional capacity finding. *See, e.g., Deskin*, 605 F. Supp. 2d at 911 (citing *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007)).

**B.**

Does this case fall within the *Deskin* rule? Here, two state-agency physicians, Barry Stoler, M.D., and Saima Noon, M.D., reviewed Fleming's available medical records in November 2023 and May 2024, respectively. Their reports are available as exhibits B3A (D.E. 11 at 78-84) and B5A (*id* at 87-92). There is no other medical-source opinion in the record that touches on Fleming's physical injuries and limitations. Dr. Stoler's medical evaluation describes the hospital records related to injuries to Fleming's head and neck she suffered from an incident in August 2022. *Id*. at 79-80. He then states that, because no further evaluations appear in the record, "therefore this must be labeled insufficient evidence." *Id*. at 80. Dr. Noon reached the

same conclusion: "There being no further evaluations presented[,] therefore this must be labeled insufficient evidence." *Id*. at 88.

This is an unusual case. Technically, the record contains two medical-source opinions concerning Fleming's potential physical disabilities. But the opinion of both physicians is that the record contains "insufficient evidence" to render a disability opinion. From the perspective of the ALJ and the Court, this is functionally indistinguishable from no medical opinion whatsoever. This case appropriately falls within the first *Deskin* category, where the ALJ makes an RFC determination based on *no* medical source opinion.

Courts that follow the *Deskin* rule have applied it in this same scenario. In *Williams v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 411, 416 (W.D.N.Y. 2019), the only medical-source opinion in the record concluded there was "insufficient evidence" to render an opinion on the claimant's functional limitations. The Court remanded, explaining:

> While in some circumstances, an ALJ may make an RFC finding without treating source opinion evidence, the RFC assessment will be sufficient only when the record is 'clear' and contains 'some useful assessment of the claimant's limitations from a medical source.'" In other words, "the ALJ may not interpret raw medical data in functional terms."

*Id*. at 417 (citations omitted). Given the ALJ found severe impairments in that case, the *Williams* court found the record insufficiently clear to support the RFC.

This case is also like *Doris B. v. Comm'r of Soc. Sec.*, No. 3:23-CV-598-CHL, 2025 WL 676073 (W.D. Ky. Mar. 3, 2025), where both state agency medical consultants found "insufficient evidence" to render a functional-limitations opinion. The reviewing court held:

> the ALJ erred here by forming an RFC without obtaining *any* medical opinion evidence for his consideration. The ALJ found Claimant to have severe impairments that limited her ability to perform basic work activities . . . . Given these impairments, the ALJ should have further developed the record by "recontact[ing] the treating source, order[ing] a consultative examination, [ ]

> hav[ing] a medical expert testify at the hearing," or by some other appropriate method before formulating an RFC.

*Id*. at *4 (quoting *Deskin*, 605 F. Supp. 2d at 912).

Another comparable case is *Angela K. P. v. Comm'r of Soc. Sec.*, No. 3:24-CV-272, 2025 WL 1564283, at *7-9 (S.D. Ohio June 3, 2025), *recommendation adopted*, 2025 WL 1827881 (S.D. Ohio July 2, 2025), where the court found:

> Here, the first *Deskin* circumstance applies. When assessing Plaintiff's RFC, the ALJ noted that the state agency reviewing physicians "concluded that the record contained insufficient evidence to give an opinion." And indeed, at the initial review on March 29, 2023, the state agency reviewing physician found that there was insufficient evidence to determine a physical RFC. The state agency reviewing physician at reconsideration affirmed that conclusion. Despite this, Plaintiff was never sent for a physical consultative examination, a medical expert did not testify at her hearing, and none of her care providers offered functional assessments of her physical abilities.
>
> Given that complete absence of medical opinion evidence, the ALJ appears to have improperly interpreted raw medical data when assessing Plaintiff's RFC.

*Id*. at *7 (citations omitted). And the same situation led to the same result in *Aarron D. v. Comm'r of Soc. Sec.*, No. 3:22-CV-00588-CHL, 2024 WL 1288230, at *4-5 (W.D. Ky. Mar. 26, 2024); and *Sefo*, 2022 WL 969622, at *3-4. *But see Nona S. v. O'Malley*, No. 1:23-CV-135-GNS-HBB, 2024 WL 5003523, at *7 (W.D. Ky. July 19, 2024) (affirming under *Deskin* when the medical evidence showed "relatively little impairment," enabling the ALJ to "make a commonsense determination about the claimant's RFC" when the medical opinions had found insufficient evidence), *recommendation adopted*, 2024 WL 4679119 (W.D. Ky. Nov. 5, 2024).

This is not a case with a clear record and relatively little impairment. The ALJ found, relevant to the issue at hand, that Fleming had severe impairments including "residuals from a traumatic brain injury, spondylosis of the cervical spine, status post T4 compression fracture of the thoracic spine, and mild kyphosis of the thoracic spine." D.E. 11 at 27. And the RFC

included physical limitations. *Id*. at 30. In explaining these limitations, the ALJ noted the state-agency physicians' findings and characterized them as "insufficient to render a determination regarding the severity of the claimants physical impairments." *Id*. at 33. But the ALJ found that "new and material evidence" had been submitted since those evaluations. *Id*. "This new evidence, including the claimant's hearing testimony," he determined, "reveals that the claimant's physical impairments are in fact severe and significantly limit her ability to perform basic work activities[.]" *Id*.

In harmony with the cases of *Williams*, *Doris B*., *Angela K. P*., *Aaron D*., and *Sefo* cited above, the Court finds the ALJ rendered an RFC including physical limitations without the benefit of any medical opinion on the subject. And this was not a case with a clear record of relatively little impairment.

The Commissioner asks the Court to eschew *Deskin*, and also argues the ALJ "rejected" the medical opinions which found there was insufficient evidence and instead determined there *was* sufficient evidence to render an opinion. D.E. 16 at 6. In the Court's view, a medical provider's statement that the record is insufficient to render an opinion is not itself a medical opinion upon or against which an ALJ can build an RFC. We have here the lack of an opinion, not the rejection of an existing opinion. The Commissioner also stresses that the ALJ "interpreted the evidence favorably to Plaintiff" and "gave Plaintiff at least some of the benefit of the doubt in imposing physical restrictions." *Id*. at 5-6. Maybe so, but the authorities discussed above do not suggest that making judgment calls in the claimant's favor obviates the need for medical opinion evidence.

## IV. CONCLUSION

The Court being sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's request to remand (D.E. 12) is **GRANTED**.

(2) The Court **REMANDS** this matter to the Commissioner under the fourth sentence of 42 U.S.C. § 405(g) for further consideration.

(3) **JUDGMENT** will be entered in favor of Plaintiff by separate contemporaneous order.

This the 3rd day of September, 2026.

**Signed By:**
***Hanly A. Ingram***
**United States Magistrate Judge**